**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YGOR CASTRO LEMES, | ) | |
| Petitioner, | ) | Civil Action No.: 3:26-cv-01772-CB |
| v. | ) | |
| BRIAN MCSHANE. et al., | ) | Chief Judge Cathy Bissoon |
| Respondents. | ) | |

# MEMORANDUM ORDER

Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction Motion ("TRO Mot." or "Mot.") (Doc. 2) is **DENIED** insofar that it seeks relief via a temporary restraining order.

Petitioner represents that he is a citizen of Brazil currently detained at the Moshannon Valley Processing Center ("Moshannon") who was arrested on September 3, 2026 after residing in the United States for more than twelve years. See Mot. at 1. On September 9, 2026, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant (28 U.S.C. § 2241) ("Petition") (Doc. 1) alongside the TRO Motion (Doc. 2).

Petitioner substantively challenges his detention under 28 United States Code Sections 2241 and 2243 and the Fifth Amendment of the United States Constitution. See id. 1–2; Pet. at 1–2, 8–21. Petitioner highlights his family and community ties, the length of time he has resided in the United States and the lack of flight risk or danger to the community his case presents. See Mot. at 1–2; Pet. at 1–2, 4–6. The TRO Motion asserts four relevant requests for relief: (1) order respondents to promptly identify the statutory authority governing Petitioner's detention;

(2) preserve the status quo and temporarily restrain Respondents from transferring Petitioner outside the Western District of Pennsylvania in a manner that would materially interfere with this Court's jurisdiction and ability to adjudicate the Petition; (3) temporarily restrain Respondents from removing Petitioner from the United States pending the consideration of the Petition; and (4) order Respondents to provide Petitioner a prompt individualized bond hearing before a neutral immigration judge. Mot. at 3. The requested relief will not be granted at this time.

The TRO Motion seeks essentially the same substantive relief already sought in the Petition itself, including the requests (among other relief) for Petitioner's request for a bond hearing and prohibition on his transfer to another detention facility. Pet. at 23–4. The Court promptly will consider this relief when determining the merits of the Petition on an expedited case management schedule and finds no reason to issue a TRO as well. Moreover, Petitioner has not demonstrated such immediate and irreparable injury to justify the issuance of a TRO before notice to the government or an opportunity to be heard in opposition. See Fed. R. Civ. P. 65(b) (authorizing TROs without notice if the facts "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"). Petitioner's transfer to an immigration detention facility outside this district would not deprive the Court of jurisdiction over the Petition. See Khalil v. President, United States, 164 F.4th 259, 269–71, 273 (3d Cir. 2026) (holding that habeas jurisdiction remains with the district of the detainee's confinement at the time of filing, regardless of subsequent transfer of the detainee out of the district or amendment of the petition).[1] Nor does it appear that

[1] Additionally, the Court has doubts as to whether it has jurisdiction to enjoin Respondents from transferring Petitioner to another detention facility. See 8 U.S.C. § 1252(a)(2)(B)(ii) (("Notwithstanding any other provision of law . . . , including section 2241 of title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to review . . . any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which

Respondents could immediately remove Petitioner, given the posture of his removal proceedings.[2] Finally, Petitioner's request for immediate release goes beyond the "limited nature of a [TRO]" and instead requests "mandatory, affirmative relief[,]" which may not be afforded via a TRO. Hope v. Warden York County Prison (Hope I), 956 F.3d 156, 162 (3d Cir. 2020).

IT IS SO ORDERED.[3]

September 21, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via First Class U.S. Mail):
Ygor Castro Lemes
A# 222-566-578
Moshannon Valley Processing Center
SPECIAL MAIL OPEN ONLY PRESENCE OF INMATE
555 GEO Drive
Philipsburg, PA 16866

---

is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ."); 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal.").

[2] At the time of this ruling, the Executive Office for Immigration Review's case status page (accessible at https://acis.eoir.justice.gov/en/) reflects that Petitioner has an upcoming Master Hearing on September 30, 2026 and presents no indication that a final order of removal has been issued.

[3] To the extent Petitioner seeks a Preliminary Injunction and resolution of his Petition, those matters remain pending before this Court. The Court promptly will consider this relief when determining the merits of the Petition on an expedited case management schedule.